USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/7/18_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**MORETON BINN and MARISOL F, LLC,**

                              Plaintiffs,

        – against –

**BRUCE T. BERNSTEIN, RICHARD K. ABBE,
ANDREW R. HEYER, DONALD E. STOUT,
SALVATORE GIARDINA, JOHN ENGELMAN,
ANDREW D. PERLMAN, and FORM HOLDINGS
CORP.,**

                              Defendants.

---

17 Civ. 8594 (LLS)

**MEMORANDUM & ORDER**

    The issues presented by defendants' motions to dismiss
and for sanctions are disposed of as follows.

### 1. The Release

    Defendants argue that plaintiffs had released defendants
from any claims of liability for both the federal and state
law claims asserted in the first amended complaint ("FAC"),
in the Joinder Agreement, which each plaintiff individually
executed in connection with the merger between XpresSpa
Holdings, LLC ("XpresSpa") and the present defendant Form
Holdings Corp. ("Form"). It, provides in Section 4.c:

> In further consideration of the transactions contemplated by the
> Merger Agreement, effective as of the Effective Time, the Joinder
> Party, on behalf of itself and its predecessors and assigns,
> hereby irrevocably and unconditionally releases, waives and
> holds each of the Company, Parent and Merger Sub, their
> respective Affiliates, predecessors and assigns, and their
> respective directors (or persons in similar positions),
> officers, employees, shareholders, equity holders and agents
> (collectively, the **"Released Parties"**) harmless from and against
> any and all claims of any nature in any capacity (the **"Claims"**)
> arising on or prior to the Closing (the **"Release"**), but excluding

-1-

any Joinder Party's rights under the Merger Agreement or any
Transaction Document (for the avoidance of doubt including, but
not limited to, any rights described in Section 5.4 of the Merger
Agreement). It is further agreed and understood that this Release
is a full and final release of all Claims whether known or
unknown, fixed or contingent, manifested or unmanifested.
Joinder Party hereby waives the protection of any provision of
any law that would operate to preserve claims that are unknown
as of the Closing Date or at any other time.

Sefick Decl. Ex. 2; Felicello Decl. Ex. G.

According to defendants, that provision allows plaintiffs
to sue only for breach of "rights under the Merger Agreement."

Plaintiffs argue that the release excludes, in addition to
claims for breach of rights under the merger agreement itself,
claims such as those asserted in the FAC which are related to
the merger agreement.

But the release excepts only related claims that arise from
"any Transaction Document," i.e., from a contract, not all
claims related to the merger agreement. The FAC does not seek to
vindicate plaintiffs' contract rights, but those arising under
the Exchange Act and tort and agency law. Those are not among
the narrow category of rights excepted from the release, but are
included in the rights released, and counts III through X are
dismissed.

However, the release is void with respect to the Exchange
Act claims.

The Exchange Act, in Section 29(a), provides:
Any condition, stipulation, or provision binding any person to
waive compliance with any provision of this title or of any rule

-2-

or regulation thereunder, or of any rule of a self regulatory organization, shall be void.

15 U.S.C. § 78cc(a).

As the Second Circuit recently explained, "This antiwaiver provision generally invalidates blanket releases of liability that accompany the purchase or sale of securities. Accordingly, 'we do not give effect to contractual language . . . purporting to be a general waiver or release of [securities-fraud] liability altogether.'" Pasternack v. Shrader, 863 F.3d 162, 171 (2d Cir. 2017), quoting Vacold LLC v. Cerami, 545 F.3d 114, 122 (2d Cir. 2008) (". . . we do not give effect to contractual language, such as the language here, purporting to be a general waiver or release of Rule 10b-5 liability altogether.") (alterations in Pasternack).

Defendants argue that the Exchange Act Section 29(a) only applies to an agreement waiving a party's future compliance with the securities laws, and not to past conduct as alleged in this case. But Pasternack rejected the distinction between anticipatory and retrospective releases of liability. Id. at 172-73. It held that "The sale of securities conditioned on the buyer's complete release of the seller would in effect license non-compliance with the securities laws, in violation of § 29(a)." Id. at 172.

Accordingly, the Exchange Act claims are not barred by the

-3-

release. The claims arising under state law, to the extent that they allege conduct before the closing, are hereby dismissed.

## 2. Exchange Act Claims

Plaintiffs allege that defendants violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder by failing to disclose, in connection with the merger, the true nature of the relationship between the members of the controlling group[1] and the quid pro quo arrangements with Heyer and Perlman. FAC ¶¶ 7-8, 11, 36, 44, 60, 82.

Defendants sidestep plaintiffs' allegations arguing that they were not under a duty to disclose the prior business relationships between the controlling group members or that some of them were also directors of other corporations, and that their memberships on the boards of other corporations was public information.

Plaintiffs do not merely allege that some of Form's directors were also directors of other companies, but that taking control of Form's board of directors and pursuing the merger with XpresSpa was part of a deliberate and undisclosed scheme by the members of the controlling group to enrich themselves at plaintiffs' expense. Id. ¶¶ 2-11, 28-86. If true, that is material information the omission of which rendered

---

[1] The "controlling group" refers to Bernstein, Abbe, Perlman, and Giardina. FAC ¶ 3.

other statements regarding Form's acquisition of XpresSpa
misleading.

Plaintiffs also allege that the controlling group
overstated the value of the Form securities offered as
consideration for the merger as being $35,160,098. Id. ¶¶ 6, 9,
101. According to plaintiffs, the actual value was less.
Defendants argue their valuation reflected the price at which
Form's shares were trading on the public market around the time
of the merger agreement.

Plaintiffs allege that the price of Form shares on the
public market was artificially inflated because of defendants'
failure to disclose the true nature of the relationship between
the controlling group members and their efforts to enrich
themselves at the expense of Form's shareholders, id. ¶¶ 9, 101,
and once defendants began in May 2017 to disclose prior
relationships between the controlling group members at other
corporations, Form's stock price began to fall, id. ¶ 102.

## CONCLUSION

Defendants' motion to dismiss the first amended complaint
(Dkt. No. 51) is granted in part and denied in part. The motion
is granted[2] with respect to counts III through X and denied with

_____

[2] Count X is not a claim under the Exchange Act. It alleges aiding and
abetting securities fraud and is dismissed because "The § 10(b) implied
private right of action does not extend to aiders and abettors." Stoneridge
Inv. Partners, LLC v. Sci.-Atlanta, 552 U.S. 148, 158, 128 S. Ct. 761, 769
(2008).

-5-

respect to counts I and II.

Defendants' motion for sanctions (Dkt. No. 67) and plaintiffs' application for costs and attorneys' fees are denied.

The motion for oral argument (Dkt. No. 55) is denied.

The motions with respect to the initial complaint (Dkt. Nos. 37 and 42) are terminated as moot.

So ordered.

Dated:    New York, New York
          August 6, 2018

Louis L. Stanton

LOUIS L. STANTON
U.S.D.J.

-6-